# Exhibit 1

business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

7. The defendant, Hamilton Beach, designed and manufactured the Proctor Silex Toaster Model 22430 that was kept in the kitchen of the residence owned by Robert and Nancy McNeil, located at 48-50 Princeton Street, Medford, Massachusetts.

8. The Proctor Silex Toaster Model 22430 was placed into the stream of commerce by the defendant, Hamilton Beach.

9. On or about October 11, 2001, the property located at at 48-50 Princeton Street, Medford, Massachusetts, was damaged by fire as the result of the defective Proctor Silex Toaster Model 22430 which caught fire and caused ignition of nearby combustibles resulting in fire damage to the premises.

10. The fire damage caused by the Proctor Silex Toaster Model 22430 described herein resulted in fire damage to the building and personal property of the insured.

11. Hamilton Beach was notified of the claim resulting from the failure of the Proctor Silex Toaster Model 22430 and the resulting damage to the premises located at 48-50 Princeton Street, Medford, Massachusetts.

12. The plaintiff, Vermont Mutual Insurance Company, was required to pay $356,016.92 to its insureds, Robert and Nancy McNeil, under its policy of insurance number HO12016316 pursuant to the property damage and loss of personal property contained therein as a result of the defective Proctor Silex Toaster Model 22430 manufactured and distributed by the defendant.

## COUNT I

13. The plaintiffs repeat and re-aver the allegations set forth in Paragraphs 1-12 above as if fully set forth herein.

14. The defendant, Hamilton Beach, its agents, servants and/or employees improperly, negligently and carelessly designed and/or manufactured the Proctor Silex Toaster Model 22430 found at 48-50 Princeton Street, Medford, Massachusetts.

15. As a direct and proximate result of the defendant Hamilton Beach, its agents, servants and/or employees improperly, negligently and carelessly designing and/or manufacturing the Proctor Silex Toaster Model 22430 found at 48-50 Princeton Street, Medford, Massachusetts, the plaintiffs suffered substantial damage to the property.

16. The defendant, Hamilton Beach's negligence and failure to give or provide adequate warnings or warning labels, failure to provide or install safety guards or devices and/or failure to adequately test, inspect and maintain the Proctor Silex Toaster Model 22430 caused the plaintiffs' damages.

17. As a direct and proximate result of the defendant, Hamilton Beach, its agents, servants and/or employees' negligence and failure to give or provide adequate warnings or warning labels, failure to provide or install safety guards or devices and/or failure to adequately test, inspect and maintain the Proctor Silex Toaster Model 22430 found at 48-50 Princeton Street, Medford, Massachusetts, the plaintiffs suffered substantial damage to the property.

WHEREFORE, the plaintiffs demand judgment against the defendant, Hamilton Beach for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

## COUNT II

18. The plaintiffs repeat and re-aver the allegations set forth in Paragraphs 1-17 above as if fully set forth herein.

19. The defendant, Hamilton Beach, its agents, servants and/or employees, impliedly warranted that the Proctor Silex Toaster Model 22430 manufactured by Hamilton Beach, its agents, servants, and/or employees located on the plaintiffs' premises was of merchantable quality and fit for its intended purpose.

20. The plaintiffs relied upon the implied warranties of the defendant Hamilton Beach, its agents, servants, and/or employees that the Proctor Silex Toaster Model 22430 manufactured by Hamilton Beach, its agents, servants, and/or employees which was located at the plaintiffs' premises was of merchantable quality and fit for its intended purpose.

3

28. The defendant, Hamilton Beach, its agents, servants and/or employees impliedly warranted that the Proctor Silex Toaster Model 22430 it manufactured and which was found on the plaintiffs' premises was fit for the particular purpose for which the Proctor Silex Toaster Model 22430 was used.

29. The defendant, Hamilton Beach, its agents, servants and/or employees breached the implied warranty of fitness for a particular purpose which it made to the plaintiff by manufacturing the defective Proctor Silex Toaster Model 22430 found on the plaintiffs' premises.

WHEREFORE, the plaintiffs demand judgment against the defendant, Hamilton Beach for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

PLAINTIFFS CLAIM A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE

Respectfully submitted,
The Plaintiffs,
By their attorneys,

R. Bart Warner, BBO# 552952
Douglas F. Hartman, BBO# 642823
MONAHAN & ASSOCIATES, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500

SMcNeil/complaint

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: MIDDLESEX | Docket Number |
|---|---|---|

| PLAINTIFF(S) VERMONT MUTUAL INSURANCE COMPANY AS SUBROGEE OF ROBERT AND NANCY MCNEIL AND ROBERT AND NANCY MCNEIL | DEFENDANT(S) HAMILTON BEACH PROCTOR-SILEX, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>BARR, WARNER, MONAHAN & ASSOCIATES, P.C.<br>113 UNION WHARF EAST, BOSTON, MA 02109<br>617-227-1500<br>Board of Bar Overseers number: 552952 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | PRODUCTS LIABILITY | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................ $..............
  2. Total Doctor expenses .................................................. $..............
  3. Total chiropractic expenses ............................................. $..............
  4. Total physical therapy expenses ......................................... $..............
  5. Total other expenses (describe) ......................................... $..............
            Subtotal $..............
B. Documented lost wages and compensation to date ............................ $..............
C. Documented property damages to date ....................................... $356,016.92
D. Reasonably anticipated future medical and hospital expenses ............... $..............
E. Reasonably anticipated lost wages ......................................... $..............
F. Other documented items of damages (describe)
            $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
DEFENDANTS NEGLIGENCE CAUSED FIRE DAMAGE TO PLAINTIFFS, ROBERT AND NANCY MCNEILS HOME CAUSING $356,016.92 IN DAMAGE.
            $..............
            TOTAL: $356,106.92

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

            TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____   DATE: 9/29/04

A.O.S.C. 2003