UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL INSURANCE COMPANY,
a/s/o ROBERT and NANCY MCNEIL, and
ROBERT and NANCY MCNEIL,
                                Plaintiffs,

v.                                                              C.A. No. 04CV12257NG

HAMILTON BEACH PROCTOR-SILEX, INC.,
                                Defendant.

## ANSWER AND JURY CLAIM

1.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.
2.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.
3.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.
4.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.
5.    The Defendant admits the allegations contained in the Paragraph except that it is a Delaware Corporation.
6.    The Defendant denies that it caused any injury to the Plaintiffs but does not deny that if the allegations are found to be true, jurisdiction would be proper.
7.    The Defendant admits that at one point in time it designed and manufactured a Model 22430. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.
8.    The Defendant admits that at one point in time it distributed a Model 22430. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.
9.    The Defendant denies a toaster that it manufactured was defective. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.
10.   The Defendant denies the allegations contained in this Paragraph.
11.   The Defendant admits the allegations contained in the Paragraph.
12.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

## COUNT I

13.    The Defendant repeats and reavers its responses to Paragraphs 1 through 12 as if specifically set forth herein.

14.    The Defendant admits that at one point in time it designed and manufactured a Model 22430. The Defendant denies the remaining allegations contained in this Paragraph.

15.    The Defendant denies the allegations contained in this Paragraph.

16.    The Defendant denies the allegations contained in this Paragraph.

17.    The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Complaint should be dismissed and the Plaintiffs take nothing and the Defendant be awarded its costs and attorneys' fees.

## COUNT II

18.    The Defendant repeats and reavers its responses to Paragraphs 1 through 17 as if specifically set forth herein.

19.    The Defendant denies the allegations contained in this Paragraph.

20.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

21.    The Defendant admits that at one point in time it designed and manufactured a Model 22430. The Defendant denies the remaining allegations contained in this Paragraph.

22.    The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Complaint should be dismissed and the Plaintiffs take nothing and the Defendant be awarded its costs and attorneys' fees.

## COUNT III

23.    The Defendant repeats and reavers its responses to Paragraphs 1 through 22 as if specifically set forth herein.

24.    The Defendant admits that at one point in time it designed and manufactured a Model 22430. The Defendant denies the remaining allegations contained in this Paragraph.

25.    The Defendant denies the allegations contained in this Paragraph.

26.    The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

27.    The Defendant denies the allegations contained in this Paragraph.

28.    The Defendant denies the allegations contained in this Paragraph.
29.    The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Complaint should be dismissed and the Plaintiffs take nothing and the Defendant be awarded its costs and attorneys' fees

## AFFIRMATIVE DEFENSES

First Affirmative Defense
And answering further, the Defendant states that if the Plaintiff's Subrogors were negligent, such negligence bars or reduces the Plaintiff's recovery under Massachusetts law.

Second Affirmative Defense
And answering further, the Defendant states that the Defendant was prejudiced by late notice of the occurrence of the alleged breach.

## JURY CLAIM

The Defendant demands a trial by jury as to all allegations set forth in the Complaint, this Answer and any further responsive pleadings.

The Defendant,
By its Attorneys,

Scott J. Tucker - BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, Massachusetts 02108
(617) 557-9696

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

11-2-04