### Commonwealth of Massachusetts
### SUPERIOR COURT DEPARTMENT
### THE TRIAL COURT
### CAMBRIDGE

MICV2004-03859

I, Patricia A. McCann, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 30th of Sept., in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 29th of October, in the year of our Lord, Two Thousand Four

_Patricia A. McCann_
Deputy Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                        SUPERIOR COURT
                                                     C.A. NO. 04-03859-B


VERMONT MUTUAL INSURANCE
COMPANY, as Subrogee of
Robert and Nancy McNeil, and
ROBERT and NANCY MCNEIL,
                    Plaintiffs,

v.

HAMILTON BEACH PROCTOR-
SILEX, INC.,
                    Defendant.



CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 2 9 2004

### NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C.A. § 1446(d), the Defendant, Hamilton Beach Proctor-Silex, Inc., hereby gives notice to the Superior Court of Middlesex County, Massachusetts and to R. Bart Warner and Douglas F. Hartman, counsel for the Plaintiffs, that the Defendant has filed a Notice of Removal, thereby removing the above-captioned action to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal is attached to this Notice.

                                    The Defendant,
                                    By its Attorneys,

                                    _____
                                    Scott J. Tucker - BBO#503940
                                    Tucker, Heifetz & Saltzman, LLP
                                    Three School Street
                                    Boston, Massachusetts 02108
                                    (617) 557-9696

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 10/28/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************************************
VERMONT MUTUAL INSURANCE         *
COMPANY, as Subrogee of          *
Robert and Nancy McNeil, and     *
ROBERT and NANCY MCNEIL,         *
        Plaintiff,               *
                                 *
v.                               *    C.A.
                                 *
                                 *
HAMILTON BEACH PROCTOR-          *
SILEX, INC.,                     *
        Defendants.              *
***********************************************
```

NOTICE OF REMOVAL

To:  Civil Clerk's Office, United States District Court
     District of Massachusetts, U.S. Courthouse
     Boston, MA 02110

     Civil Clerk, Middlesex County Superior Courthouse, 40 Thorndike Street,
     Cambridge, MA 02141

     R. Bart Warner, Douglas F. Hartman, Monahan & Associates, P.C., 113
     Union Wharf East, Boston, MA 02109

     Defendant, Hamilton Beach Proctor-Silex, Inc. ("Hamilton"), by its

undersigned attorneys, and pursuant to 28 U.S.C. § 1446, gives notice that it

hereby removes the above-captioned case presently pending in the Middlesex

Superior Court, Commonwealth of Massachusetts, which bears Civil Action

Number 2004-03859-B, to the United States District Court for the District of

Massachusetts.

Removal is hereby authorized by 28 U.S.C. § 1441 and is based upon the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332, because it is a civil action where the parties are citizens of different states and the amount of controversy exceeds $75,000 exclusive of interest and costs. In support of this Notice, Hamilton states:

A.   Background

1.   The Plaintiffs' Complaint naming the Defendant was filed in the Middlesex Superior Court, in the Commonwealth of Massachusetts on or about September 29, 2004. Copy of the Plaintiffs' Complaint and Civil Action Cover Sheet in this action are attached to this Notice as Exhibit 1.

2.   Counsel for Hamilton accepted service on its behalf on October 20, 2004. Therefore, the time within which the Defendant is required to remove this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1446, has not expired.

3.   The Plaintiffs' Complaint purports to assert claims for negligence and breach of warranty against Hamilton.

B.   Diversity of Citizenship

4.   Defendant Hamilton is a corporation organized under the laws of Virginia with a principal place of business at 4421 Waterfront Drive, Glen Allen, Virginia (Plaintiffs' Complaint ¶ 5).

5. The Plaintiff, Vermont Mutual Insurance Company ("Vermont Mutual"), is a corporation organized under the laws of Vermont (Plaintiff's Complaint ¶ 1).

6. The Plaintiff, Robert McNeil, is an individual residing in Medford, Massachusetts (Plaintiff's Complaint ¶ 2).

7. The Plaintiff, Nancy McNeil, is an individual residing in Medford, Massachusetts (Plaintiff's Complaint ¶ 3).

8. There is complete diversity of citizenship between the Plaintiffs and the Defendant in this action.

C. Jurisdictional Amount

9. Although the Plaintiffs' Complaint does not specify the amount of damages sought by the Plaintiffs in this case, the Civil Action Cover Sheet filed in Middlesex County Superior Court states the Plaintiffs claim a total of $356,106.92 in alleged damages.

10. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court in and for the County of Middlesex, and a copy of this Notice of Removal will be served upon counsel for the Plaintiffs.

                                        Hamilton Beach Proctor-Silex, Inc.,
                                        By its Attorneys,

                                        /s/ Scott J. Tucker

                                        Scott J. Tucker - BBO#503940
                                        Tucker, Heifetz & Saltzman, LLP
                                        Three School Street
                                        Boston, Massachusetts 02108
                                        (617) 557-9696

Dated: October 21, 2004.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                    SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.
                                  04-3859

VERMONT MUTUAL INSURANCE        )
COMPANY, as Subrogee of         )
Robert and Nancy McNeil, and    )   FILED
ROBERT and NANCY MCNEIL,        )   IN THE OFFICE OF THE
     Plaintiffs                 )   CLERK OF THE COURTS
                                )
                                )   SEP 30 2004
vs.                             )
                                )
HAMILTON BEACH PROCTOR-         )
SILEX, INC.,                    )
     Defendant                  )

## PLAINTIFFS' COMPLAINT

1. The plaintiff, Vermont Mutual Insurance Company (hereinafter "Vermont Mutual"), is a Vermont corporation which is duly authorized to engage in the practice of insurance sales in Massachusetts.

2. The plaintiff, Robert McNeil, is an individual residing in Medford, Massachusetts.

3. The plaintiff, Nancy McNeil, is an individual residing in Medford, Massachusetts.

4. The plaintiffs, Robert and Nancy McNeil, at all times relevant to this action, were the owners of the real property located at 48-50 Princeton Street, Medford, Massachusetts.

5. The defendant, Hamilton Beach Proctor-Silex, Inc. (hereinafter "Hamilton Beach"), is a Virginia corporation located at 4421 Waterfront Drive, Glen Allen, Virginia, doing business in Massachusetts.

6. Pursuant to Massachusetts General Laws Chapter 223A, Section 3, this Court may exercise personal jurisdiction over Hamilton Beach Proctor-Silex, Inc., as the defendant acting directly or by an agent, as to a cause of action in law or equity arising from the defendant's causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth by regularly doing and/or soliciting

business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

7. The defendant, Hamilton Beach, designed and manufactured the Proctor Silex Toaster Model 22430 that was kept in the kitchen of the residence owned by Robert and Nancy McNeil, located at 48-50 Princeton Street, Medford, Massachusetts.

8. The Proctor Silex Toaster Model 22430 was placed into the stream of commerce by the defendant, Hamilton Beach.

9. On or about October 11, 2001, the property located at at 48-50 Princeton Street, Medford, Massachusetts, was damaged by fire as the result of the defective Proctor Silex Toaster Model 22430 which caught fire and caused ignition of nearby combustibles resulting in fire damage to the premises.

10. The fire damage caused by the Proctor Silex Toaster Model 22430 described herein resulted in fire damage to the building and personal property of the insured.

11. Hamilton Beach was notified of the claim resulting from the failure of the Proctor Silex Toaster Model 22430 and the resulting damage to the premises located at 48-50 Princeton Street, Medford, Massachusetts.

12. The plaintiff, Vermont Mutual Insurance Company, was required to pay $356,016.92 to its insureds, Robert and Nancy McNeil, under its policy of insurance number HO12016316 pursuant to the property damage and loss of personal property contained therein as a result of the defective Proctor Silex Toaster Model 22430 manufactured and distributed by the defendant.

COUNT I

13. The plaintiffs repeat and re-aver the allegations set forth in Paragraphs 1-12 above as if fully set forth herein.

14. The defendant, Hamilton Beach, its agents, servants and/or employees improperly, negligently and carelessly designed and/or manufactured the Proctor Silex Toaster Model 22430 found at 48-50 Princeton Street, Medford, Massachusetts.

2

15. As a direct and proximate result of the defendant Hamilton Beach, its agents, servants and/or employees improperly, negligently and carelessly designing and/or manufacturing the Proctor Silex Toaster Model 22430 found at 48-50 Princeton Street, Medford, Massachusetts, the plaintiffs suffered substantial damage to the property.

16. The defendant, Hamilton Beach's negligence and failure to give or provide adequate warnings or warning labels, failure to provide or install safety guards or devices and/or failure to adequately test, inspect and maintain the Proctor Silex Toaster Model 22430 caused the plaintiffs' damages.

17. As a direct and proximate result of the defendant, Hamilton Beach, its agents, servants and/or employees' negligence and failure to give or provide adequate warnings or warning labels, failure to provide or install safety guards or devices and/or failure to adequately test, inspect and maintain the Proctor Silex Toaster Model 22430 found at 48-50 Princeton Street, Medford, Massachusetts, the plaintiffs suffered substantial damage to the property.

WHEREFORE, the plaintiffs demand judgment against the defendant, Hamilton Beach for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

## COUNT II

18. The plaintiffs repeat and re-aver the allegations set forth in Paragraphs 1-17 above as if fully set forth herein.

19. The defendant, Hamilton Beach, its agents, servants and/or employees, impliedly warranted that the Proctor Silex Toaster Model 22430 manufactured by Hamilton Beach, its agents, servants, and/or employees located on the plaintiffs' premises was of merchantable quality and fit for its intended purpose.

20. The plaintiffs relied upon the implied warranties of the defendant Hamilton Beach, its agents, servants, and/or employees that the Proctor Silex Toaster Model 22430 manufactured by Hamilton Beach, its agents, servants, and/or employees which was located at the plaintiffs' premises was of merchantable quality and fit for its intended purpose.

3

21. The Proctor Silex Toaster Model 22430 manufactured by the defendant, Hamilton Beach, its agents, servants, and/or employees was defective due to the fact that it caught fire and ignited nearby combustibles which then caused substantial fire damage to the plaintiffs' property.

22. By improperly, negligently and carelessly designing and/or manufacturing the Proctor Silex Toaster Model 22430, the defendant, Hamilton Beach, its agents, servants, and/or employees breached the implied warranty of merchantability made to the plaintiffs.

WHEREFORE, the plaintiffs demand judgment against the defendant, for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

## COUNT III

23. The plaintiffs repeat and re-aver the allegations set forth in Paragraphs 1-22 above as if fully set forth herein.

24. The defendant, Hamilton Beach, its agents, servants and/or employees held itself out as having special skill, knowledge, experience and/or expertise with regards to the manufacture of the Proctor Silex Toaster Model 22430 such as the Proctor Silex Toaster Model 22430 found on the plaintiffs' premises.

25. The plaintiffs by implication made known to Hamilton Beach, its agents, servants and/or employees of the particular purpose for which the Proctor Silex Toaster Model 22430 would be used.

26. The plaintiffs relied on the special skill, knowledge, experience and/or expertise of the defendant, Hamilton Beach, its agents, servants and/or employees in maintaining the Proctor Silex Toaster Model 22430 found at the plaintiffs' premises.

27. The defendant, Hamilton Beach, its agents, servants and/or employees knew that the plaintiffs were relying on its special skill, knowledge, experience and/or expertise with regards to manufacturing and offering for sale the Proctor Silex Toaster Model 22430 at retail stores.

4

28. The defendant, Hamilton Beach, its agents, servants and/or employees impliedly warranted that the Proctor Silex Toaster Model 22430 it manufactured and which was found on the plaintiffs' premises was fit for the particular purpose for which the Proctor Silex Toaster Model 22430 was used.

29. The defendant, Hamilton Beach, its agents, servants and/or employees breached the implied warranty of fitness for a particular purpose which it made to the plaintiff by manufacturing the defective Proctor Silex Toaster Model 22430 found on the plaintiffs' premises.

WHEREFORE, the plaintiffs demand judgment against the defendant, Hamilton Beach for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

PLAINTIFFS CLAIM A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE

Respectfully submitted,
The Plaintiffs,
By their attorneys,

R. Bart Warner, BBO# 552952
Douglas F. Hartman, BBO# 642823
MONAHAN & ASSOCIATES, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500

9McNeil/complaint

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: MIDDLESEX | Docket Number<br>04-3559 |
|---|---|---|
| PLAINTIFF(S) VERMONT MUTUAL INSURANCE COMPANY AS SUBROGEE OF ROBERT AND NANCY MCNEIL AND ROBERT AND NANCY MCNEIL | DEFENDANT(S) HAMILTON BEACH PROCTOR-SILEX, INC. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>R. BART WARNER/ MONAHAN & ASSOCIATES, P.C.<br>113 UNION WHARF EAST, BOSTON, MA 02109<br>617-227-1500<br>Board of Bar Overseers number: 552952 | ATTORNEY (if known) | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | PRODUCTS LIABILITY | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $............
2. Total Doctor expenses ............ $............
3. Total chiropractic expenses ............ $............
4. Total physical therapy expenses ............ $............
5. Total other expenses (describe) ............ $............
   Subtotal $............
B. Documented lost wages and compensation to date ............ $............
C. Documented property damages to date ............ $356,016.92
D. Reasonably anticipated future medical and hospital expenses ............ $............
E. Reasonably anticipated lost wages ............ $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
DEFENDANTS NEGLIGENCE CAUSED FIRE DAMAGE TO PLAINTIFFS, ROBERT AND NANCY MCNEILS HOME CAUSING $356,016.92 IN DAMAGE.
   $............
   TOTAL: $356,106.92

[FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR MIDDLESEX, SEP 30 2004, CLERK]

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____ DATE: 9/29/04

A.O.S.C. 2003

Case 1:04-cv-12257-NG   Document 3   Filed 11/09/2004   Page 13 of 13

MAS-20031124
gilmanr

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

10/29/2004
02:16 PM

### MICV2004-03859
### rmont Mutual Insurance Company, subrogee of Robert And Nancy v Hamilton Beach Proctor-Silex, I

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 09/30/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 10/29/2004 | **Session** | B - Cv B (11B Cambridge) | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | |
| **Lead Case** | | **Track** | A | | |
| **Service** | 12/29/2004 | **Answer** | 02/27/2005 | **Rule12/19/20** | 02/27/2005 |
| **Rule 15** | 12/24/2005 | **Discovery** | 11/19/2006 | **Rule 56** | 01/18/2007 |
| **Final PTC** | 05/18/2007 | **Disposition** | 09/30/2007 | **Jury Trial** | Yes |

#### PARTIES

**Plaintiff**
Vermont Mutual Insurance Company, subrogee of
Robert And Nancy
McNeil
Active 09/30/2004

**Private Counsel 552952**
R Bart Warner
Monahan & Associates
113 Union Wharf East
Boston, MA 02109
Phone: 617-227-1500
Fax: 617-227-6700
Active 09/30/2004 Notify

**Defendant**
Hamilton Beach Proctor-Silex, Inc.
4421 Waterfront Drive
Service pending 09/30/2004

**Private Counsel 503940**
Scott J Tucker
Tucker Heifetz & Saltzman
3 School Street
Boston, MA 02108
Phone: 617-557-9696
Fax: 617-227-9191
Active 10/29/2004 Notify

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/30/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 09/30/2004 | | Origin 1, Type B05, Track A. |
| 10/29/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by deft Hamilton Beach Proctor-Silex, Inc |
| 10/29/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |