UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL INSURANCE COMPANY,
a/s/o ROBERT and NANCY MCNEIL, and
ROBERT and NANCY MCNEIL,
          Plaintiffs,

v.                                        C.A. No. 04CV12257NG

HAMILTON BEACH PROCTOR-SILEX, INC.,
          Defendant.

## JOINT PRE-TRIAL MEMORANDUM

1.    Trial Counsel

       Plaintiff -      Douglas F. Hartman
                           Monahan & Associates, P.C.
                           113 Union Wharf East
                           Boston, MA 02109
                           (617) 227-1500 – ext. 15

       Defendant -    Scott J. Tucker
                           Tucker, Heifetz & Saltzman, LLP
                           100 Franklin Street
                           Boston, MA 02110
                           (617) 557-9696

2.    Jury or Jury Waived

       Jury trial

3.    Concise summary of positions of parties

       Plaintiff's position –

       The plaintiffs' position is that the toaster designed, manufactured and sold by the defendant was defectively designed and/or manufactured which defect caused the fire and attendant damages described in the plaintiffs' Complaint. The toasting of a pop tart unattended is a use foreseeableby the defendant. Moreover, the design or manufacture of the toaster was defective in that it allowed for the spring mechanism

used to lift the tray and disconnect the heating element from the power source was caused to catch and stretch along a portion of its length, eventually causing it to be unable to lift the tray and disengage the heating elements. Additionally, the physical evidence shows that the deformation of the spring could not have been caused by heating as it transitions from stretched to a normal coil within one twist of the spring.

Defendant's position –

The Defendant's position is that the Plaintiffs' insured's tenant, John Doyle, apparently put a sugar-frosted, jelly-filled Kellogg's® Pop-Tart® into the toaster manufactured by the Defendant, with the color control set to the darkest setting, depressed the toast lever and then left the room, leaving the toaster unattended, and eventually fell asleep in another room of the apartment. The unattended use of the toaster to heat sugar-frosted, jelly-filled pastries at the toaster's darkest setting is contrary to the instructions that accompany the toaster and the Pop-Tart and common sense. The unattended use of a toaster under any circumstances, and particularly when using it to heat a product contrary to its particular instructions and common sense, is contrary to the instructions that accompany the toaster and common sense. This conduct on the part of Doyle is the proximate cause of the fire. The Plaintiff's expert's theory of product malfunction with respect to the toaster mechanism is inconsistent with the physical evidence as explained by John Datovech in his report and disclosure.

4. <u>Facts established by pleadings or stipulations</u>

   a. The subject toaster was manufactured and sold by the Defendant.

5. <u>Contested issues of fact</u>

   a. Whether the fire was caused by a manufacturing or design defect in the toaster or by the tenant's conduct.

6. <u>Jurisdiction issues</u>

   None

7. <u>Issues of law</u>

   None

8. <u>Requested amendments to pleadings</u>

   None

9. <u>Additional matters that would aid in disposition</u>

   John Doyle has testified that he was interviewed and provided "a deposition" (by which it is assumed he meant a statement) following the fire which occurred on October 11, 2001. A November 8, 2001 report prepared by Jeffrey K. Lowe, an "investigator" employed by EFI and retained by Vermont Mutual within days of the fire to determine whether there was a basis for subrogation, includes seven paragraphs of comments attributed to John Doyle concerning his activities immediately before and after the fire was discovered. John Doyle's deposition testimony differed in regard to several relevant issues to Mr. Lowe's summary of his comments. Mr. Lowe's report was shared with and relied upon by the Plaintiffs' electrical engineering expert who has been identified as a trial expert.

   The Defendant has repeatedly requested a copy of the statement taken from John Doyle or Mr. Lowe's notes of that interview, but neither has been produced. The Defendant requests the production of the statement (either a recording, transcription or handwritten document) or Mr. Lowe's notes if the interview was not recorded or reduced to writing.

10. <u>Probable length of trial</u>

    3 half days

11. <u>Voir dire procedures</u>

    Possible witnesses –

    Nancy McNeil - 50 Princeton Street, Medford, MA 02155

    Kevin McNeil - 50 Princeton Street, Medford, MA 02155

    John Doyle, 200 Swanton Street, Winchester, MA

3

John J. Datovech, P.E., C.F.E.I., Manager, Product Assurance & Licensing Quality, Hamilton Beach/Proctor-Silex, Inc., 4421 Waterfront Drive, Glen Allen, VA 23060

Jeffrey Lowe, Investigator - EFI, 634 State Road, N. Dartmouth, MA 02747.

Michael Raines, Investigator, EFI, 634 State Road, N. Dartmouth, MA 02747.

Robert L. Smith, Jr., Butterworth & O'Toole, Inc, P.O. Box 8294, Salem, Massachusetts 01971

Proposed description of case –

On October 11, 2001, Nancy McNeil, was the owner of a two family house located in Medford. Nancy McNeil's son Kevin and John Doyle lived in the second floor apartment of the house. On that date a fire occurred in the second floor apartment, and the Plaintiff alleges it was caused a design or manufacturing defect in the Hamilton Beach/Proctor Silex toaster that was being used by John Doyle. The house and its contents sustained fire and smoke damage.

12.  Witnesses

Nancy McNeil - 50 Princeton Street, Medford, MA 02155. Mrs. McNeil was the owner of the house and will testify as a lay witness concerning her discovery of the fire and efforts to extinguish the fire, as well as the consequences of the fire in terms of the time she was unable to occupy the premises.

Kevin McNeil - 50 Princeton Street, Medford, MA 02155. Mr. McNeil was the co-tenant of the second floor apartment and will testify as a lay witness concerning John Doyle's activities and his own activities in the hours prior to the fire and the use of the toaster prior to that date.

John Doyle - 200 Swanton Street, Winchester, MA. Mr. Doyle was the co-tenant of the second floor apartment and will testify as a lay witness concerning his activities in the hours prior to the fire and the use of the toaster prior to that date.

John J. Datovech, P.E., C.F.E.I., Manager, Product Assurance & Licensing Quality, Hamilton Beach/Proctor-Silex, Inc. - 4421 Waterfront Drive, Glen Allen, VA 23060. Mr. Datovech is an employee of Hamilton Beach/Proctor-Silex, Inc. and will testify as an expert witness concerning the design, manufacture and operation of the model toaster involved in the case, the warnings that accompanied the subject toaster and the results of his inspection of the toaster and fire debris and the conclusions he has reached with respect to the plaintiff's expert's expected testimony concerning the fire and toaster design and performance. Mr. Datovech's expected testimony is set forth in greater detail in his report dated April 17, 2006, a copy of which is attached hereto along with his curriculum vitae and testimonial log.

Jeffrey Lowe, Investigator - EFI, 634 State Road, N. Dartmouth, MA 02747. Mr. Lowe is an employee of EFI who conducted and coordinated the investigation of this fire on behalf of the Plaintiff within days of the fire. He interviewed John Doyle and John McNeil, and authored a report that was provided to and relied upon by the Plaintiff's expert witness. The report contains comments attributed to John Doyle and John McNeil and some of those attributed to John McNeil are inconsistent with his deposition testimony. Mr. Lowe has failed to produce any recorded, written or transcribed statement of either Mr. Doyle or Mr. McNeil and to the extent they testify in a manner which is inconsistent with the statements attributed to them by Mr. Lowe, he may be called to testify. Mr. Lowe's expected testimony is set forth in greater detail in his reports dated November 8, 2001 and January 16, 2002, copies of which are attached hereto along with his curriculum vitae and testimonial log.

Michael Raines, Investigator, - EFI, 634 State Road, N. Dartmouth, MA 02747. Mr. Raines is an employee of EFI who conducted the investigation of this fire on behalf of the Plaintiff, including inspection of the subject toaster. Mr. Raines' expected testimony is set forth in greater detail in his report dated August 16, 2002, a copy of which is attached hereto along with his curriculum vitae and testimonial log.

Robert L. Smith, Jr., Butterworth & O'Toole, Inc, P.O. Box 8294, Salem, Massachusetts 01971. Mr. O'Toole is an adjuster who appraised the value of the damages suffered as a result of the fire described in the plaintiffs' Complaint. Mr. O'Toole is expected to testify as to the amount of damages suffered by the plaintiffs as a result of the fire. Mr.

Smith's reports concerning damages are attached hereto along with his curriculum vitae and testimonial log.

13. Proposed exhibit list

   a. Four photographs incorporated in Datovech report dated April 17, 2006.
   b. Additional illustrative photographs taken by Datovech prior to his inspection and during his inspection, attached as Appendices B, C and D to his report.
   c. Hamilton Beach's Use and Care Guide.
   d. Hamilton Beach Drop-In Warning Sheet.
   e. Kellogg's Pop-Tart packaging.
   f. Butterworth & O'Toole, Inc. Summary of Content Loss; and
   g. Butterworth & O'Toole, Inc. Building Repair Estimate.
   h. Sworn Statement in Proof of Loss and Subrogation Agreement – Loss of Use & Loss of Rents Final Payment and ALE/Loss of Rents Worksheet;
   i. Sworn Statement in Proof of Loss and Subrogation Agreement – 5% Debris Removal – Dwelling;
   j. Sworn Statement in Proof of Loss and Subrogation Agreement – unscheduled Personal Property;
   k. Sworn Statement in Proof of Loss and Subrogation Agreement – Coverage A & B;
   l. Summary of Interims, prepared by Seltser & Seltser;
   m. Loss of Use Interim #1, prepared by Seltser & Seltser, dated November 7, 2001;
   n. Loss of Use Interim # 2, prepared by Seltser & Seltser, dated February 12, 2002;
   o. Loss of Use Interim #3, prepared by Seltser & Seltser, dated July 11, 2002;
   p. Facsimile to Butterworth & O'Toole, Inc. from Gary Goldstein regarding Plaintiffs' loss of rents claim, dated July 11, 2002;
   q. Facsimile to Butterworth & O'Toole, Inc. from Seltser & Seltser regarding partial payment for Loss of Rents portion of claim, dated February 12, 2002;
   r. Facsimile to Butterworth & O'Toole, Inc. from Seltser & Seltser regarding Joe Chung Plumbing Invoice in the amount of $47,000, dated April 4, 2002;
   s. Facsimile to Butterworth & O'Toole, Inc. from Seltser & Seltser regarding Center Line Construction Co. invoice in the amount of $11,550, dated April 4, 2002;
   t. Joe Chung Plumbing invoice in the amount of $47,000;

u. Center Line Construction Co. invoice in the amount of $11,550; and
v. White's Emergency Service Invoice, dated October 22, 2001.
w. Invoice sent to Seltser & Seltser Public Adjusters from Sal's Clothing & Fabric Restoration, Inc., regarding inventory of clothing damage totaling $1,509.05

14. <u>Jury Instructions</u>

The Plaintiffs' proposed preliminary jury instructions are attached hereto as a hard copy and on disk. The disk may be discarded by the Court at the conclusion of the trial.

The Defendant's proposed preliminary jury instructions are attached hereto as a hard copy and on disk. The disk may be discarded by the Court at the conclusion of the trial.

The Plaintiffs,
By their Attorneys,

_____
Douglas F. Hartman
BBO# 642823
Monahan & Associates, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500


The Defendant,
By its Attorneys,

_____
Scott J. Tucker
BBO#503940
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Boston, Massachusetts 02110
(617) 557-9696

7