UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL INSURANCE COMPANY,
a/s/o ROBERT and NANCY MCNEIL, and
ROBERT and NANCY MCNEIL,
            Plaintiffs,

v.                                         C.A. No. 04CV12257NG

HAMILTON BEACH PROCTOR-SILEX, INC.,
            Defendant.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

The defendant in the above-captioned matter requests that the jury be instructed in accordance with the attached requested instructions.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1
### Negligence Standard

In order to recover on Count I which is based on negligence, the plaintiffs mush prove that the defendant "failed to use reasonable care to eliminate foreseeable dangers which subject a user [of the toaster] to an unreasonable risk of harm."

*Wasylow v. Glock, Inc.* 975 F. Supp. 370, 376 (D. Mass. 1996), <u>quoting</u> *Colter v. Barber-Green Co.,* 403 Mass. 50, 61 (1988)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

## Design Defect Standard

In order to recover under a theory of defective design (whether under a negligence or breach of warranty theory) the plaintiffs must show that there was "an available design modification which would reduce the risk without undue cost or interference with the performance of the [product}." This "is an element which is required [to be proven by the plaintiff] in a design defect case." *Wasylow v. Glock, Inc.*, 975 F. Supp. 370, 379, 380 (D. Mass. 1996), quoting *Uloth v. City Tank Corp.*, 376 Mass. 874, 881 (1978) and *Kotler v. American Tobacco Co.*, 926 F. 2d 1217, 1225 (1st Cir. 1990)

A product manufacturer has no duty to design or produce a product that is "risk free" or "risk proof." *Wasylow v. Glock, Inc.*, 975 F. Supp. 370,   (D. Mass. 1996), citing *Morrell v. Precise Engineering, Inc.*, 36 Mass. App. Ct. 935, 936 (1994)

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3</u>

### <u>Breach of Warranty Standard</u>

In order to recover on Counts II and II which are based on an alleged breach of implied warranties, the plaintiffs must prove that the toaster involved was defective.

The term "defective" means that the toaster was not reasonably fit for the ordinary purposes for which such products are used.

A product is not defective if it is safe for its normal and foreseeable use and operation. If you find that the toaster manufactured by the defendant was reasonably fit, suitable, and safe for its intended or foreseeable purposes at the time the defendant placed it in the stream of commerce, then you must return a verdict for the defendant on Count II and III.

*Back v. Wickes Corp.*, 375 Mass. 633, 640-641 (1978); *Smith v. Ariens Co.*, 375 Mass. 620, 624-625 (1978); Prosser, <u>Torts</u> § 96 at 654 (4th ed. 1971); 2 Hursh and Bailey, <u>American Law of Products Liability</u> 2d § 913 at 256

*Marchant v. Dayton Tire & Rubber Co.*, 836 F.2d 695,698 (1st Cir. 1988)

<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4</u>

<u>Warranty of Merchantability or for Ordinary Purposes</u>

For a product to satisfy the implied warranty of merchantability, it must be "fit for the ordinary purposes for which such goods are used" and "conform to the promises or affirmations of fact made on the container or label if any." *Wasylow v. Glock, Inc.,* 975 F. Supp. 370, 377 (D. Mass. 1996), citing Mass. G. L. c. 106 §2-314 (2) (c) and (f)

"The question of fitness for ordinary purposes 'is largely one centering around reasonable consumer expectations.'" *Wasylow v. Glock, Inc.,* 975 F. Supp. 370, 377 (D. Mass. 1996), <u>quoting</u> *Venezia v. Miller Brewing Co.,* 626 F. 2d 188, 190 (1st Cir. 1980)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

### Warranty of Fitness for a Particular Purpose

For an implied warranty of fitness for a particular purpose to be established, the plaintiff must prove the defendant has reason to know of a specific use by the purchaser of the toaster or the plaintiff, "which is peculiar to the nature of his business."

*Wasylow v. Glock, Inc.,* 975 F. Supp. 370, 377 (D. Mass. 1996)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

### Adequacy of Warnings

To be adequate, a warning must be "comprehensible to the average user," conveying the danger "to the mind of a reasonably prudent person."

*Wasylow v. Glock, Inc.,* 975 F. Supp. 370, 378 (D. Mass. 1996), quoting *MacDonald v. Ortho Pharmaceutical Corp.,* 394 Mass. 131, 140 (1985)

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 7

### Warning Heeded

"If an adequate warning is supplied, under Massachusetts law there is a presumption that it will be read."

*Wasylow v. Glock, Inc.*, 975 F.Supp. 370, 378 (D. Mass. 1996), <u>citing</u> *Knowlton v. Deseret Medical, Inc.*, 930 F. Supp. 116, 123 (1st Cir. 1991)

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 8

If you find that Mr. Doyle's negligence alone was the sole proximate cause of the fire, then you must enter a verdict in favor of the defendant.

*Allen v. Chance Manufacturing Co., Inc.,* 975 F. 2d 465, 469 (1st Cir. 1996),

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

### Sufficiency of Expert Testimony

"Where the relation of cause and effect between two facts has to be proved, the testimony of an expert that such relation exists or probably exists is sufficient; but the testimony of an expert that such relation is possible, conceivable or reasonable, without more, is not enough. A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts that do not tend towards that conclusion any more than towards a contrary one has no evidentiary value."

*Berardi v. Menicks*, 340 Mass. 396, 402 (1960); *Ruschetti's Case*, 299 Mass. 426, 431 (1938)

"An opinion that a defendant's conduct is only a 'possible cause' is insufficient to establish causation under Massachusetts law. A verdict may not be based on conjecture and surmise, and expert opinion does not help if it is demonstrated that it rests on speculation."

*Payton v. Abbott Labs*, 780 F.2d 147, 156 (1st Cir. 1985)(internal citations omitted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

### Credibility of Expert Witness

Jurors need not believe or give any weight to an expert's opinion, regardless of any other evidence presented in the case. Even if an expert's opinion has not been contradicted or criticized, jurors may, in their discretion, disregard an opinion or other expert testimony.

*Dodge* v. *Sawyer*, 288 Mass. 402, 408 (1934)


Expert opinion testimony, even if not directly contradicted, is ordinarily not binding on a jury.

*Quinones – Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 5 (1st Cir. 1992) (Puerto Rico).

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 11

### Interest calculated by the clerk

If you award damages to the plaintiffs in this action, such damages shall not include any amount for interest.  The law automatically provides for interest on any damages awarded, in the amount of 12% per year from the date the Complaint was filed, and such calculations are performed by the clerk of courts and are not for the jury.  Therefore, you shall not add interest to any sum of money awarded to the plaintiffs.

*Griffin* v. *General Motors Co.*, 380 Mass. 362, 370 (1980)
*Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 444 (1st Cir. 1991)

The Defendant,
By its Attorneys,

Scott J. Tucker - BBO#503940
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Boston, Massachusetts 02110
(617) 557-9696

I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.

8-31-06