UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERMONT MUTUAL INSURANCE ) <br> COMPANY, as Subrogee of ) <br> Robert and Nancy McNeil, and ) <br> ROBERT and NANCY MCNEIL, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HAMILTON BEACH PROCTOR- ) <br> SILEX, INC., ) <br>     Defendant. ) | CIVIL ACTION NO. 04cv12257-NG |

**PLAINTIFFS, VERMONT MUTUAL INSURANCE COMPANY AS SUBROGEE OF ROBERT AND NANCY MCNEIL AND ROBERT AND NANCY MCNEIL'S, REQUEST FOR JURY INSTRUCTIONS**

The Plaintiffs, Vermont Mutual Insurance Company as subrogee of Robert and Nancy McNeil and Robert and Nancy McNeil, respectfully request that this Honorable Court instruct the jury as follows:

NEGLIGENCE GENERALLY

1.  In this case the plaintiffs, Robert and Nancy McNeil, claim that they suffered damage to its building and personal property as a result of the defendant's negligence. The defendant denies that it was negligent. Also, as a result of the defendant's negligence the plaintiff, Vermont Mutual Insurance Company, became obligated to pay Robert and Nancy McNeil pursuant to the policy of insurance.

    The law provides that if a party owes another party a duty to be reasonably careful, but is negligent in fulfilling that duty and thereby causes another party some property damage, the negligent party must compensate the victim of its negligence for that damage.

    The plaintiff may recover on its claims if it proves that four things are more likely than not: (1) That the defendant had a duty to take reasonable care to avoid causing property damage to someone in the plaintiff's position; (2) That the defendant was negligent in fulfilling that duty; (3) That the defendant's negligence caused some damage to the plaintiff's property; and (4) The plaintiff must prove the extent or amount of that damage. Davis v. Westwood Group, 420 Mass. 739, 742-743, 652 N.E.2d 567, 569 (1995); Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 742, 374 N.E.2d 582, 584 (1978).

DUTY OF CARE

2.  Hamilton Beach Proctor-Silex, Inc. owed Robert and Nancy McNeil a duty of care to ensure, among other things, that the toaster would function in an appropriate and safe manner and would withstand everyday wear and tear, without causing a fire.

BREACH OF DUTY

3.  Negligence may consist either in doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonably careful person would do under those circumstances. The more dangerous the potential harm, and the more likely it is that harm might result, the more care a reasonable person would use. Goldstein v. Gontarz, 364 Mass. 800, 805-806, 309 N.E.2d 196, 201 (1974).

4.  In determining whether the defendant acted reasonably regarding these things, you may consider not only what the defendant knew, but also what the defendant should have known. That is to say, if you find that the defendant should have known something, and didn't, that in and of itself may constitute a breach of the defendant's duty of care. St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc., 427 Mass. 372, 377, 693 N.E.2d 669, 672 (1998).

PROXIMATE CAUSE

5.  If you decide that the defendant was negligent, you must then consider whether the defendant's negligent conduct caused the plaintiff's damages. To meet its burden, the plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause. McLaughlin v. Bernstein, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969); Mullins v. Pine Manor College, 389 Mass. 47, 58, 449 N.E.2d 331, 338 (1983); Power Service Supply, Inc. v. E.W. Wiggins Airways, Inc., 9 Mass.App.Ct. 122, 128, 399 N.E.2d 878, 882 (1980).

6.  The defendant's conduct was the legal cause of the plaintiff's damages if it was a substantial factor in bringing it about and without which the harm would not have occurred. Bernier v. Boston Edison Co., 380 Mass. 372, 385-86, 403 N.E.2d 391, 399-400 (1980); Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522-23 (1st Cir. 1990) (applying Massachusetts law), Staelens v. Dobert; 318 F.3d 77, 79 (1st Cir. 2003) (applying Massachusetts law).

7.  It does not matter whether other concurrent causes contributed to the plaintiff's damages, so long as you find that the defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense, which requires no further elaboration. Lally v. Volkswagen Aktiengesellschaft, 45 Mass.App.Ct. 317, 327, 698 N.E.2d 28, 37 (1998).

8. The plaintiff is not required to prove the exact way in which the accident happened, or to exclude every other possibility as to what caused it. What the plaintiff must do is to prove, by direct evidence or reasonable inferences from the evidence that it is more likely that the damage was caused by the defendant's negligence than by any other cause. McLaughlin v. Bernstein, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969); Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 798, 507 N.E.2d 662, 667 (1987).

BREACH OF IMPLIED WARRANTY

9. In every sale of goods by merchant, there is an automatic guarantee that the goods are fit for the ordinary purposes for which the goods are used. Such a guarantee is present whether or not the merchant was negligent in selling a defective item. M.G.L. c. 106, §§ 2-105(1), §§ 2-106(1), §§ 2-314.

10. "Fit for ordinary purposes" means that the product is of at least average quality and that it is fit to be used for any purpose that the merchant intends or could reasonably foresee. It means that the item will do what such items are ordinarily supposed to do, and is fit to be used for whatever such items are ordinarily used for. It also means that the item is free from hidden dangers and unpredictable propensities that make it unreasonably dangerous. Back v. Wickes Corp., 375 Mass. 633, 640, 378 N.E.2d 964, 969 (1978).

11. In order to establish that there was a breach of this guarantee, the plaintiff must prove by a preponderance of the evidence (1) That the defendant was a merchant dealing in goods of this kind; (2) That the plaintiff bought this item from the defendant; and (3) That at the time of the sale the item was not fit for the ordinary purposes for which such items are used. If the plaintiff has proved that all of these things are more likely than not, then you are to return a verdict for the plaintiff, and you are to award the plaintiff an amount of money that is the difference between what the plaintiff paid for the item in what the item was actually worth at the time of sale. M.G.L. c. 106, §§ 2-105(1), §§ 2-106(1), §§ 2-314.

12. The implied warranty of merchantability includes the absence of unreasonable hidden dangers. Killeen v. Harmon Grain Prods., Inc., 11 Mass. App. Ct. 20, 23, 413 N.E.2d 767, 770 (1980).

13. Furthermore, a finding that a defendant has negligently designed a product is tantamount to a finding that the product is unfit for ordinary use. Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 16 (1st Cir. 2001) (interpreting Mass. law).

14. "In a tort-based warranty action, a plaintiff 'must prove that at the time of his injury he was using the product in a manner that the defendant seller, manufacturer, or distributor reasonably would have foreseen." Allen v. Chance Mfg. Co., Inc., 494 N.E. 2d 1324, 1326 (1986).

BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

15. In some sales of goods there is a second automatic guarantee. If the seller has reason to know that a buyer is looking for an item for a particular purpose, and also to know that the buyer is relying on the seller's skill or judgment in selecting an item suitable to that purpose, them by law that sale also automatically includes a guarantee that the item is fit for that particular purpose. Whether the seller intends to make such a guarantee or not is irrelevant. M.G.L. c. 106, §§ 2-105(1), §§ 2-106(1), §§ 2-315.

16. If the defendant in this case should have been aware that the plaintiff wanted the item for particular purpose and was relying on the defendant's skill to guide its selection, then by law the sale automatically included a guarantee by the defendant that the item was fit for that particular purpose. M.G.L. c. 106, §§ 2-315; Hunt v. Perkins Mach. Co., 352 Mass. 535, 541, 226 N.E.2d 228, 232 (1967).

17. In order to establish that there was a breach of this second automatic guarantee, the plaintiff must prove to you by a preponderance of the believable evidence: (1) That at the time of sale the defendant knew or should have known that the plaintiff was looking for an item for a specific purpose; (2) That the defendant knew or should have known that the plaintiff was relying on the defendant's skill or judgment in selecting this particular item as suitable for that specific purpose; (3) That the plaintiff bought the item from the defendant; and (4) That at the time of sale of the item was not fit for that specific purpose. M.G.L. c. 106, §§ 2-105(1), §§ 2-106(1), §§ 2-315; Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 33, 507 N.E.2d 728, 732 (1987).

NEGLIGENT DESIGN

18. A design defect is a condition that makes the product unreasonably dangerous as a result of the product's design. To determine whether there was a design defect, you should consider whether the product had any propensity resulting from the manufacturers conscious design choices that rendered the product unreasonably dangerous to its foreseeable users, and therefore unfit for its ordinary foreseeable uses. Back v. Wickes Corp., 375 Mass. 633, 642, 378 N.E.2d 964, 970 (1978).

19. A product is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative to sign by the manufacturer, and the omission of the alternative design renders the product not reasonably safe. Restatement (Third) of Torts: Products Liability § 2(a) (1998).

NEGLIGENT MANUFACTURE

20. A manufacturing defect is a condition that makes the product unreasonably dangerous as a result of the product's manufacture. To determine whether there was a manufacturing defect, you may consider whether the product departed from its intended design, even though the defendant exercised all possible care in manufacturing and marketing the

product, thereby rendering the product unreasonably dangerous and unfit for ordinary purposes. Back v. Wickes Corp., 375 Mass. 633, 641, 378 N.E.2d 964, 970 (1978).

21. A product contains a manufacturing defect when the product parts from its intended design even though all possible care was exercised in the preparation and marketing of the product. Restatement (Third) of Torts: Products Liability § 2(a) (1998).

FAILURE TO WARN

22. A failure by a manufacturer or vendor to give an adequate warning regarding reasonably foreseeable risks constitutes a breach of the implied warranty of merchantability. In order to prevent the product from being unreasonably dangerous, the manufacturer may be required to give directions or warnings as to its use. Even if a product is properly designed, it is unreasonably dangerous and, therefore, defective when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings. Yates v. Norton Co., 403 Mass. 70, 74, 525 N.E.2d 1317, 1320 (1988); Hayes v. Ariens Co., 391 Mass. 407, 413-14, 462 N.E.2d 273, 277-78 (1984); Casagrande v. F.W. Woolworth Co., 340 Mass. 552, 555, 165 N.E.2d 109, 111-12 (1960).

23. A product is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the manufacturer, and the omission of the instructions or warnings renders the product not reasonably safe. Restatement (Third) of Torts: Products Liability § 2(c) (1998).

24. The adequacy of a warning is measured by the warning that would be given at the time of sale by an ordinarily prudent vendor. A vendor has an obligation to warn and provide instructions about risks that were reasonably foreseeable at the time of sale or that could have been discovered by reasonable testing prior to marketing the product. A vendor will be held to the standard of knowledge of an expert in the appropriate field and has a continuing duty to warn (at least to purchasers) of risks discovered following the sale of the product. Vasallo v. Baxter Healthcare Corp., 428 Mass. 1, 23, 696 N.E.2d 909, 923-24 (1998); Thayer v. Pittsburgh-Corning Corp., 45 Mass.App.Ct. 435, 437, 703 N.E.2d 221, 224 (1998).

25. A manufacturer "will remain subject to a continuing duty to warn (at least purchasers) of risks discovered following the sale of the product at issue." Vasallo v. Baxter Healthcare Corp., 428 Mass. 1, 22-23, 696 N.E.2d 909, 923-24 (1998).

COMPARATIVE NEGLIGENCE

26. The defendant has claimed that the plaintiff was negligent. If you find that the plaintiff's injury was caused both by the defendant's negligence and by the plaintiff's negligence, then under the law of comparative negligence you are to compare the plaintiff's

negligence to the defendant's negligence. G.L. c. 231, § 85; <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342, 350, 353–55, 446 N.E.2d 1033, 1037, 1039–40 (1983).

The comparative negligence statute, G.L. c. 231, §85, is limited to actions for negligence and has no application to breach of warranty claims, <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. at 353–55, 446 N.E.2d at 1039–40; <u>Fernandes v. Union Bookbinding Co., Inc.</u>, 400 Mass. 27, 37, 507 N.E.2d 728, 734 (1987).

Unreasonable use of the product by the plaintiff, which is an affirmative defense to recovery for breach of warranty, is not applicable to an action sounding in negligence and does not bar recovery on a negligence theory. <u>Colter v. Barber-Greene Co.</u>, 403 Mass. 50, 62–64, 525 N.E.2d 1305, 1313–14 (1988). <u>See Yates v. Norton Co.</u>, 403 Mass. 70, 76–77, 525 N.E.2d 1317 (1988), <u>Fernandes v. Union Bookbinding Co.</u>, 400 Mass. at 37, 507 N.E.2d at 734 (1987).

The plaintiffs' recovery shall not be barred by their contributory negligence unless the plaintiffs' negligence is greater than the amount of negligence attributable to the defendant. <u>Colter v. Barber-Greene Co.</u>, 403 Mass. 50, 64, 525 N.E.2d 1305, 1314–15 (1988).

The plaintiffs' negligence, if equal to or less than the total amount attributable to the defendant, only serves to diminish their recovery by the proportion of negligence attributable to them. <u>Colter v. Barber-Greene Co.</u>, 403 Mass. 50, 64, 525 N.E.2d 1305, 1314–15 (1988).

<u>DAMAGES</u>

27. If you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff, you must consider the issue of damages. <u>Omni Flying Club, Inc. v. Cessna Aircraft Co.</u>, 366 Mass. 154, 315 N.E.2d 885 (1974).

28. The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct. <u>Sullivan v. Old Colony St. Ry.</u>, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

29. In negligence actions, the object is to try to restore the party to the position it would have been in had the wrong not occurred. <u>Roy v. Volkswagen of Am., Inc.</u>, 896 F.2d 1174, 1179 (9th Cir. 1990).

30. Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that the Plaintiff claims to have suffered, including any compensatory damages, must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

    In order to recover damages, a party must establish that their damages are ascertainable by reference to some definite standard, either of market value,

established experience, or direct inference from known circumstances.

However, a mathematical certainty in measuring damages is not a prerequisite for recovery.

Rombola v. Cosindas, 351 Mass. 382, 385-86 (1966); Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346 (1965); Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 635–36 (1963); Whitespot Constr. Corp. v. Jetspray Cooler, Inc., 344 Mass. 632, 635 (1962); Bond Pharmacy, Inc. v. City of Cambridge, 338 Mass. 488, 493 (1959); John Hetherington & Sons, Ltd. v. William Firth, Co., 210 Mass. 8, 21–22 (1911); Novel Iron Works, Inc. v. Wexler Constr. Co., Inc., 26 Mass.App.Ct. 401, 412 (1988); Gilmore v. Century Bank & Trust Co., 20 Mass.App.Ct. 49, 55 (1985).

31. You are to compensate the plaintiff for any damage to its property that was directly caused by the breach of any applicable warranties. M.G.L. c. 106, §§ 2-715.

## SUFFICIENCY OF EXPERT TESTIMONY

32. "Where the relation of cause and effect between two facts has to be proved, the testimony of an expert that such relation exists or probably exists is sufficient; but the testimony of an expert that such relation is possible, conceivable or reasonable, without more, is not enough. A mere guess or conjecture by an expert witness in the form of a conclusion from basic facts do not tend towards the conclusion of any more than towards a contrary one has no evidentiary value". Berardi v. Menicks, 340 Mass. 396, 401 (1960); Ruschetti's Case, 299 Mass. 426, 431 (1938).

## CREDIBILITY OF EXPERT WITNESS

33. Jurors need not believe or give any weight to an expert's opinion, regardless of any other evidence presented in the case. Even if an expert's opinion has not been contradicted or criticized, jurors may, in their discretion, disregard an opinion or other expert testimony. Dodge v. Sawyer, 288 Mass. 402, 408 (1934).

    Respectfully submitted,
    The Plaintiffs, Vermont Mutual Insurance Company
    as Subrogee of Robert and Nancy McNeil and
    Robert and Nancy McNeil,
    By their attorney,

    S/ Douglas F. Hartman

    Douglas F. Hartman (BBO#: 642823)
    MONAHAN & ASSOCIATES, P.C.
    113 Union Wharf East
    Boston MA 02109
    (617) 227-1500