UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VERMONT MUTUAL INSURANCE COMPANY,
a/s/o ROBERT and NANCY MCNEIL, and
ROBERT and NANCY MCNEIL,
          Plaintiffs,

v.                                          C.A. No. 04CV12257NG

HAMILTON BEACH PROCTOR-SILEX, INC.,
          Defendant.

## DEFENDANT'S MOTION TO PRECLUDE "SUPPLEMENTAL EXPERT DISCLOSURE" OF MICHAEL J. RAINS

Now comes the Defendant and moves for an Order precluding the testimony of plaintiff's engineering expert, Michael J. Rains, which is set forth in the "Supplemental Expert Disclosures" (Exhibit A).

As grounds for the Motion, the Defendant submits that the disclosure was not made in a timely manner. The Plaintiff's [Initial] Expert Disclosure was made on or about April 28, 2006. (Exhibit B). The initial disclosure consisted of the incorporation of various reports prepared in 2001-02 by Rains and Jeff Lowe, a "cause and origin expert." These reports had been provided to Defendant's counsel previously and Plaintiff's counsel had represented that his experts' testimony would be that which was contained in the reports. With regard to Rains, the disclosure consisted of his August 16, 2002, report as well as his curriculum vitae, fee schedule and identification of his prior testimony.

The Defendant had disclosed the expected expert testimony of its engineering expert, John Datovech, approximately 11 days <u>before</u> the plaintiff filed his supplemental disclosure with the Court. Datovech's report is dated April 17, 2006 and was filed with the Court electronically and a copy was provided to Plaintiff's counsel. (Exhibit C)

On June 8, 2006 the case was scheduled for trial on September 18, 2006. On September 5, 2006, the Plaintiff provided Rains' "Comments on Report of John J. Datovech" which was filed with the Court as a supplemental disclosure on September 6, 2006. The "Comments" are dated August 21, 2006.

The Defendant immediately advised the Plaintiff that there would be an objection to this late disclosure, which was brought to the Court's attention during the Final Pre-Trial Conference on September 7, 2006. The Plaintiff's argument, advanced during the discussion of this issue during the Final Pre-Trial Conference, was that the Supplemental Disclosure was "rebuttal testimony."

## ARGUMENT

1. The plaintiff's supplemental expert disclosure was not timely.

Whether viewed in terms of the length of time the Plaintiff waited following the Defendant's disclosure before making the supplemental disclosure (more than 4 ½ months); the length of time after receiving the "Comments" the Plaintiff waited before making the disclosure given the pending trial date (2 weeks); or the short time prior to trial that the Plaintiff made the disclosure (13 days), the disclosure was not timely. The only explanation given by the Plaintiff for the late supplemental disclosure is that it constitutes "rebuttal" testimony.

The Plaintiff has offered no explanation for the delays in making the supplemental disclosure, nor has the Plaintiff offered an explanation why several of the matters addressed in the supplemental disclosure which clearly are not "rebuttal" were not addressed in the 4 ½ years between the fire and the initial disclosure. Furthermore, the Plaintiff has offered no explanation for the failure to alert the Court and counsel to the fact that it was contemplating a supplemental disclosure at the time the case was called for a conference on June 6, 2006 and the trial date was set.

2. Portions of the supplemental disclosure are not "rebuttal."

Section 2 – "Data Collected from the UL File"

Rains refers to the expert disclosure of John Datovech, the Defendant's engineering expert, and his comment that: "UL [Underwriters' Laboratory] independently determined the design and manufacturing of the Type 17 toaster complied with ANSI/UL 1026. This means that the design of the McNeil toaster successfully passed the full battery of the required third-party evaluations and tests required by this standard." He then supplements his prior disclosure by referring to subsequently-adopted UL standards which do not apply to the subject toaster and some reported involvement by the CPSC. (It should be noted that the Defendant has filed a Motion *in limine* seeking the exclusion of this portion of the supplemental disclosure on substantive grounds.)

The fact that the toaster was "UL listed" is not something that was unknown to the Plaintiff's engineer until the Defendant's Disclosure in April 2006. In fact, the UL listing is referenced in Rains' report dated August 16, 2002 at page 1. To the extent the Plaintiff's expert wished to reference the subsequently-adopted UL standard, it went into effect 8 months before his August 2002 report.

Section 6 – "My Experiment"

The Supplemental Disclosure fails to state when the referenced "experiment" was performed. However, on its face it is not rebuttal testimony. Rains apparently conducted a test (on a toaster with a significantly different design) to show the effect of toasting on a pop tart. This is an experiment which, he notes, "Mr. Datovech did not" run. There are no findings or statements in Mr. Datovech's report that this experiment is intended to contradict.

## CONCLUSION

The Plaintiff's Supplemental Disclosure should be stricken and Mr. Rains precluded from offering the testimony set forth therein on the grounds that as to the entire disclosure it is untimely and the last minute disclosure violates the Court's prior disclosure Order and unfair to the Defendant. This argument applies whether or not the disclosure is "rebuttal" given the timing of the disclosure in regard to the Defendant's Disclosure and the trial date.

Furthermore, to the extent the Plaintiff claims that the late disclosure should be permitted because it is "rebuttal" and therefore the previously-referenced timing issues dispositive (although the Defendant disputes that argument), the matters disclosed in Sections 2 and 6 are not rebuttal.

For the reasons set forth above, the Defendant moves to preclude the supplemental disclosure of the expected testimony of Michael J. Rains.

The Defendant,
By its Attorneys,

Scott J. Tucker - BBO#503940
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Boston, Massachusetts 02110
(617) 557-9696

*I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.*